UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00633-RJC-DSC

| | |
|---|---|
| LEE S. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Order** |
| CONN'S HOME PLUS and CONN APPLIANCES INC., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' Motion to Confirm Arbitration Award and For Entry of Final Judgment (the "Motion") (Doc. No. 15) and Plaintiff's response in opposition (Doc. No. 16). For the reasons stated herein, Defendants' Motion is **GRANTED**.

I. BACKGROUND

This action was removed from the Mecklenburg County Superior Court to this Court in November 2020. (Doc. No. 1). The Complaint alleges Plaintiff purchased furniture from Defendants pursuant to a retail installment contract, and upon delivery, the furniture he purchased was damaged. (Doc. No. 1-1 ¶¶ 1-7). Plaintiff asserts various state and federal claims. (Doc. No. 1-1). After removal, the Court granted Defendants' Motion to Compel Arbitration, requiring the parties submit their dispute to binding arbitration as provided in the arbitration agreement. (Doc. No. 11). The matter was stayed pending arbitration. (*Id.*).

On October 11, 2021, the arbitrator issued an Award of Arbitrator, after an evidentiary hearing (the "Arbitration Award"). (Doc. No. 15-2). The Arbitration Award denied Plaintiff's claims "in whole," determining his claims were "wholly without merit." (*Id.* at 3). The Arbitration

Award also determined Defendant Conn Appliances, Inc. was entitled to recover on its counterclaim for payment of the balance owed to it under the contract in the amount of $7,439.06, with interest at the lawful rate for any time it remains unpaid after 21 days of the Arbitration Award. (*Id.*) The arbitrator declined to award Defendants attorney's fees since they were not pursued at the hearing. (*Id.*)

Defendants' filed their Motion on November 18, 2021, requesting this Court confirm the Arbitration Award and enter a final judgment. In response, Plaintiff filed a one page document, which appears in part to oppose the Motion because Plaintiff "has not accepted or agreed" to the Arbitration Award, "Defendants did not comply with any of the requested documentations [sic] in the arbitration," or "comply with rules that was in place [sic] with arbitration." (Doc. No. 16).

## II. DISCUSSION

Review of an arbitrator's award is "severely circumscribed," such that it is "among the narrowest known at law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "As long as the arbitrator is even arguably construing or applying the contract[,] a court may not vacate the arbitrator's judgment." *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). This is so because "to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010). Therefore, to prevail on vacating an arbitral award, a party "must clear a high hurdle. It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error" as long as the arbitrator is

"even arguably construing or applying the contract and acting within the scope of his authority." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *United Paperworkers*, 484 U.S. at 38.

"Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act" or based on certain common law grounds. *Apex Plumbing Supply, Inc.*, 142 F.3d at 193. The Federal Arbitration Act, 9 U.S.C. § 10(a), provides that a court may vacate an arbitration award on the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, the Fourth Circuit has recognized some common law grounds for vacating an award, which "include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). Along with vacating an arbitration award, the Court may modify or correct an arbitration award for certain specific reasons including "[w]here there was an evident material miscalculation of figures . . . ." 9 U.S.C. § 11(a).

Plaintiff failed to bring forth sufficient grounds by which the Court should vacate, modify, or correct the Arbitration Award. His one page response appears to allege Defendants did not

3

produce documents or comply with the rules of arbitration. However, Plaintiff's response contains no specificity as to how Defendants allegedly failed to comply with requirements of arbitration, or otherwise explain why the Arbitration Award should be vacated, modified, or corrected. Based on the Court's review of the record, including Plaintiff's opposition, the Court finds that there are no grounds to vacate, modify, or correct the Arbitration Award.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Confirmation of Arbitration Award (Doc. No. 15) is **GRANTED;**
2. The Court hereby enters judgment in accordance with the Award of Arbitrator (Doc. No. 15-2) as follows: Plaintiff Lee S. Johnson is liable to Defendant Conn Appliances, Inc. in the amount of $7,439.06, along with interest at the lawful rate for unpaid amounts from 21 days after October 11, 2021; and
3. Plaintiff's Complaint is **DISMISSED with prejudice**.
4. The Clerk is directed to close this case.

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge